OPINION
Appellant, Superior Mobile Home, Inc. d.b.a. Wyngate Manor, appeals from the judgment issued by the Trumbull County Court of Common Pleas granted in favor of appellee, Ernest White.
In 1984, appellee purchased a twelve-year-old manufactured home located at 59 Manor Drive in Wyngate Manor Mobile Home Park in Brookfield, Ohio. On October 12, 1994, appellee entered into a purchase agreement with Charles and Martha Bierworth for his manufactured home for the sum of $11,400. The purchase agreement contained a clause providing that:
 "In the event the park operator refuses to enter into a rental agreement with the Buyer, the Buyer shall have no obligation to complete this purchase agreement and any earnest money deposited by the Buyer with the Seller shall be returned to the Buyer. Buyer shall have the specific right to terminate this contract * * * in the even that the park operator refuses to enter into a rental agreement with Buyer * * *."
After signing the purchase agreement, the Bierworths learned from appellant's agent that if they purchased appellee's manufactured home, it would have to be removed from appellant's park because the park's rules required homes over twenty years old to be removed from the park upon sale.
Upon learning of the park rule, the Bierworths rescinded the purchase agreement and purchased a new manufactured home from appellant for $18,000. On October 26, 1994, appellee filed a complaint alleging that appellant violated R.C. 3733.11 by unreasonably refusing to enter into a rental agreement with the Bierworths. On December 17, 1997, the trial court determined that appellant's refusal to enter into a rental agreement with the Bierworths violated R.C. 3733.11 and awarded judgment in favor of appellee for the amount of $7,900. From this judgment, appellant assigns the following errors:
 "[1.] The trial court errored [sic] in finding that defendant's park rule violated O.R.C. 3733.11 as a matter of law.
 "[2.] The trial court's findings of fact were contrary to the evidence and constitute revisible [sic] error.
 "[3.] The trial court errored [sic] in finding that the plaintiff suffered any damages as a result of the park rule and specifically errored [sic] in awarding $7900.00 to the plaintiff contrary to the evidence."
Because appellant's first and second assignments of error are interrelated, we will address them together. In its first assignment of error, appellant alleges that the trial court erred by determining that its park rule, regulating the rental of manufactured homes over twenty years old, violated R.C. 3733.11. In its second assignment of error, appellant alleges that the trial court's factual findings constitute reversible error. The park rule at issue in this case provides:
 "The park operator will not enter into a rental agreement with the purchaser of or other person acquiring ownership of a home located in the park where the home is over twenty (20) years old at the time of the change in ownership, and a home over twenty (20) years old must be removed from the park at the time of any change in ownership[.]"
Appellant contends that its park rule does not violate R.C.3733.11(C) or (H)(2) because it is not unreasonable, arbitrary, or capricious and does not require a manufactured home's removal based solely upon its sale.
R.C. 3733.11(C) provides:
 "A park operator shall promulgate rules governing the rental or occupancy of a lot in the manufactured home park. The rules shall not be unreasonable, arbitrary, or capricious. A copy of the rules and any amendments to them shall be delivered by the park operator to the tenant or owner prior to signing the rental agreement. A copy of the rules and any amendments to them shall be posted in a conspicuous place upon the manufactured home park grounds."
R.C. 3733.11(H) provides, in part:
"No park operator shall:
 "(1) Deny any owner the right to sell the owner's manufactured home within the manufactured home park if the owner gives the park operator ten days' notice of the intention to sell the home;
 "(2) Require the owner to remove the home from the manufactured home park solely on the basis of the sale of the home;
 "(3) Unreasonably refuse to enter into a rental agreement with a purchaser of a home located within the operator's manufactured home park. * * *"
As stated by the Ohio Supreme Court, "a park operator may make any rule that is not unreasonable, arbitrary or capricious or, of course, is not in conflict with other specific statutory sections." Schwartz v. McAtee (1986), 22 Ohio St.3d 14, 21,488 N.E.2d 479. In its judgment, the trial court stated that "it was unreasonable for [appellant] to refuse to rent to the Bierworths as the reason given was based solely on the age of the mobile home." This statement demonstrates that the trial court determined that appellant violated R.C. 3733.11(H)(3), which prohibits a park operator from "[u]nreasonably refus[ing] to enter into a rental agreement with a purchaser of a home located within the operator's manufactured home park." Because a violation of any of the provisions of R.C. 3733.11(A) to (H) triggers the damages provision of R.C. 3733.11(I), appellant's argument that its park rule does not violate R.C. 3733.11(C) or (H)(2) is irrelevant to the determination of whether the rule violates R.C.3733.11(H)(3), as the trial court concluded. However, because most of appellant's argument is devoted to the question of whether the rule violates R.C. 3733.11(C), we will briefly address that issue before we address whether the trial court erred by concluding that appellant violated R.C. 3733.11(H)(3).
Upon reviewing appellant's park rule, we conclude that such a rule violates R.C. 3733.11(C). Appellant's rule requires a manufactured home over twenty years old to be removed from appellant's park when it is sold. Appellant contends that its rule does not violate R.C. 3733.11(C) because it is based on legitimate concerns such as safety, aesthetics, and its right to make business decisions regarding the quality of homes located within its park. Although those concerns are legitimate, appellant's park rule, which is based on age alone, does not necessarily further those interests. As appellant stated in its brief, "appellant selected `age' as a simple objective standard to maintain the aesthetics, safety and standards of the park by requiring the removal of homes based upon their original construction. Appellant hoped to avoid any discretionary determinations regarding a home's safe condition or lack thereof by its 20 year rule." Failure to make a discretionary determination is the essence of arbitrariness. A manufactured home's age does not necessarily speak to its safety or quality, and one cannot say that a home under twenty years of age is always better than a home over twenty years of age. Because appellant's park rule implements an arbitrary standard for determining whether a manufactured home may stay within the park when it is sold, the rule violates R.C. 3733.11(C), and the trial court could have concluded that appellant violated R.C. 3733.11 on that basis alone.
Returning to the issue determined by the trial court, we will now address whether appellant violated R.C. 3733.11(H)(3). Appellant alleges that the trial court's erroneous factual findings formed the basis for its conclusion that appellant violated R.C. 3733.11(H)(3). It contends that the trial court erred by finding that appellant refused to enter into a rental agreement with the Bierworths. Appellant asserts that it did not refuse to enter into a rental agreement with the Bierworths, reasoning that because the Bierworths never requested a rental application, it never "refused" to enter into a rental agreement with them.
A reviewing court will not reverse a trial court's finding if there exists competent, credible evidence supporting that finding.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273. An appellate court must not reweigh the evidence or substitute its judgment for that of the trial court, because the trial court is in the best position to "view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id.
In the instant case, Charles Bierworth testified that he did not request a rental application because he was told by appellant's agents that if he purchased appellee's manufactured home, it would have to be removed from the park. Given Mr. Bierworth's knowledge of appellant's policy, it would have been an exercise in futility to complete a rental application. Even though appellant never expressly refused to enter into a rental agreement with the Bierworths, appellant's policy of refusing to enter into rental agreements with purchasers of manufactured homes over twenty years of age constitutes an implied refusal. This competent and credible evidence supports the trial court's finding that appellant refused to enter into a rental agreement with the Bierworths.
Appellant also contends that the trial court erred by concluding that appellant unreasonably refused to enter into a rental agreement with the Bierworths. Appellant asserts that this determination was based upon the erroneous finding that at the time appellee signed his rental agreement with appellant, there were no park rules regulating the age of manufactured homes within the park. It claims that this finding is erroneous because appellee had an oral lease agreement with appellant rather than a written one. Appellant also claims that the trial court also erred when it stated that:
 "Had this regulation been in effect when Plaintiff originally moved into the park and signed his lease agreement, it would then be arguable that any such tenant would be bound by contract to the provisions concerning sale and age of the manufactured home. In this case, the age regulation was added by Defendant after Plaintiff's home was placed on the lot."
Appellant contends that because it did not own the park when appellee became a tenant, under the trial court's reasoning, appellant would never be permitted to enforce any of its rules against tenants who resided in the park before appellant assumed ownership of it. R.C. 3733.11(B) provides, in part:
 "A park operator shall fully disclose in writing all fees, charges, assessments, including rental fees, and rules prior to a tenant or owner executing a rental agreement and assuming occupancy in the manufactured home park. No fees, charges, assessments, or rental fees so disclosed may be increased nor rules changed by a park operator without specifying the date of implementation of the changed fees, charges, assessments, rental fees, or rules, which date shall be not less than thirty days after written notice of the change and its effective date to all tenants or owners in the manufactured home park * * *."
Because R.C. 3733.11(B) permits a park owner to amend its rules, and appellee testified that he received a copy of appellant's rules when it purchased the park in 1989, appellant is correct in its contention that the trial court's reasoning is flawed.
Notwithstanding the trial court's flawed reasoning, we cannot conclude that the trial court erred by concluding that appellant violated R.C. 3733.11(H)(3). The trial court determined that the refusal to enter into the rental agreement with the prospective purchasers of appellee's manufactured home solely on the basis of the age of the manufactured home was unreasonable. In Santilla v.Sahara Mobile Home Park Sales (Sept. 30, 1993), Lake App. No. 93-L-028, unreported, this court held that a trial court's finding as to the reasonableness of a park operator's refusal to enter into a rental agreement with a potential purchaser of a manufactured home will not be reversed on appeal if that finding is supported by competent and credible evidence.
Appellant refused to rent to the Bierworths solely because of the age of appellee's manufactured home. Although appellant has an interest in maintaining the quality and safety of its park, age is not necessarily indicative of quality. If appellant was truly concerned about safety, it could have required an inspection of appellee's manufactured home as part of the rental application approval process. The manager of Wyngate Manor testified that homes that do not meet updated safety codes can be modernized. Appellant never gave the Bierworths or appellee this option; instead, it refused to enter into a rental agreement with the Bierworths solely because of an arbitrary age restriction. Because competent, credible evidence exists to support the trial court's finding that appellant's refusal to enter into a rental agreement with the Bierworths was unreasonable, appellant's first and second assignments of error have no merit.
In its third assignment of error, appellant alleges that the trial court erred by awarding appellee damages in the amount of $7,900. It contends that appellee suffered no damage as a result of its park rule. R.C. 3733.11(I) provides that:
 "If the park operator violates any provision of divisions (A) to (H) of this section, the tenant or owner may recover actual damages resulting from the violation, and, if the tenant or owner obtains a judgment, reasonable attorneys' fees, or terminate the rental agreement."
After determining that appellant violated R.C. 3733.11(H)(3), the trial court entered judgment in favor of appellee in the amount of $7,900, the difference between the $11,400 purchase price agreed to by the Bierworths and an estimated $3,500 trade-in value of appellee's manufactured home. Appellant asserts that this damage calculation is erroneous because the trial court's determination that appellee is not required to remove his manufactured home from appellant's mobile home park leaves appellee free to sell his home to another purchaser; therefore, appellee would be unjustly enriched after he receives $7,900 from appellant and the amount for which he can sell the home.
We do not agree with the trial court's damage calculation; however, we cannot say that appellee has suffered no damage. If appellant had not unreasonably refused to enter into a rental agreement with the Bierworths, appellee would have sold his manufactured home for $11,400. Because appellant's violation of R.C. 3733.11(H)(3) harmed appellee in much the same way as a buyer's breach of a purchase agreement, we can look to the measure of damages for breach of a sales contract to determine appellee's actual damages resulting from appellant's interference with his purchase agreement with the Bierworths.[1]
R.C. 1302.80(A) governs resale of goods after a buyer's breach and provides, in part:
 "* * * [T]he seller may resell the goods concerned or the undelivered balance thereof. Where the resale is made in good faith and in a commercially reasonable manner the seller may recover the difference between the resale price and the contract price together with any incidental damages allowed under section 1302.84 of the Revised Code, but less expenses in consequences of the buyer's breach."
This case is remanded to the trial court so that it can oversee the resale of appellee's manufactured home. Appellee's actual damage is the diminished amount, if any, between the ultimate bona fide sale price and the original contract price of $11,400, plus incidental expenses.
For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed in part and reversed in part. This case is remanded to the trial court for further proceedings consistent with this opinion.
FORD, P.J., CHRISTLEY, J., concur.
[1] The Uniform Commercial Code applies to sales of manufactured homes. Potter v. Dangler Mobile Homes (1977),61 Ohio Misc. 14, 401 N.E.2d 956.